IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| TYRONE TACKETT | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:22-cv-00798 |
| | ) | |
| ANDREW PIERI and CITY | ) | |
| OF MILLERSVILLE | ) | |

**TO:** Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

By Order entered November 8, 2022 (Docket Entry No. 5), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 8) filed by Defendants Andrew Pieri and the City of Millersville. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this action be dismissed.

### I. BACKGROUND

Tyrone Tackett ("Plaintiff"), who asserts that he is a resident of Florida, filed this *pro se* lawsuit on October 7, 2022, against the City of Millersville, Tennessee ("City of Millersville") and City of Millersville employee Andrew Pieri ("Pieri"). *See* Complaint (Docket Entry No. 1). Plaintiff alleges that he has a legal interest in a parcel of property located in the City of Millersville ("the Property"), which he and "his partners" purchased for development as a campground. *Id*. at ¶¶ 6–7. He alleges that, pursuant to statements from Pieri about the necessary steps for approval of the development, he sought and obtained a zoning change for the Property,

paid substantial fees to the city, paid for engineering services and surveys, and made a re-application for a permit for the campground development. *Id*. at ¶¶ 9–15. Plaintiff alleges that the permit was then wrongfully denied at a scheduled public meeting. *Id*. at ¶¶ 16–18.

Plaintiff alleges that Pieri "harbors ill will toward Plaintiff as a result of several interactions between them prior to the incidents [in the complaint]," *id*. at ¶ 19, and that Pieri and the City of Millersville violated Plaintiff's Fourteenth Amendment Due Process rights in the denial of his permit for development of the Property. *Id*. at ¶¶ 21–24. Plaintiff asserts that federal jurisdiction exists over the claims that he brings under 42 U.S.C. § 1983, and also asserts the existence of diversity jurisdiction over his lawsuit, although he does not specifically set out any claims that are brought under state law. *Id*. at ¶ 1. As relief, Plaintiff seeks damages and injunctive relief and has filed a motion for a preliminary injunction, seeking an order preventing the City of Millersville, or any of its officials and employees, "from impeding the continued construction activities [on the Property]." *See* Motion for a Preliminary Injunction (Docket Entry No. 3).

In lieu of an answer, Defendants filed the pending motion to dismiss. Defendants raise several arguments for dismissal of the lawsuit. Defendants first contend that Plaintiff does not have standing to assert claims based upon the denial of the permit because, although not disclosed by Plaintiff in his complaint, public records show that a limited liability company, TEM, LLC ("TEM"), is the owner of the Property and was also the named applicant for the conditional use permit. Defendants argue that Plaintiff cannot bring claims on behalf of TEM, nor is he, as a *pro se* party, permitted to represent a limited liability company. Defendants further argue that the City of Millersville's Board of Zoning Appeals has the discretion to approve or

deny conditional use permits and neither Plaintiff nor TEM has a property interest in being granted a conditional use permit. Defendants also contend that the Court should abstain from hearing Plaintiff's lawsuit under the *Younger v. Harris*[1] abstention doctrine because the City of Millersville brought a complaint against Plaintiff and TEM in June 2022 in the Chancery Court for Robertson County, Tennessee ("State Lawsuit") based on alleged unlawful construction activity on the Property and that lawsuit is currently ongoing. Finally, Defendants argue that a restraining order was entered in the State Lawsuit against Plaintiff and TEM on June 3, 2022, restraining them from unpermitted construction or excavation upon the Property, and that a temporary injunction against them was subsequently issued on October 14, 2022. Defendants argue that Plaintiff's request for preliminary injunction is an attempt to directly contravene orders that were entered in the State Lawsuit and is barred by the *Rooker-Feldman*[2] doctrine, which prohibits a state-court loser from obtaining review in the federal district court of the state-court decision.

## II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim for lack of subject matter jurisdiction. Subject matter jurisdiction is a threshold issue which a court must determine before reaching other issues. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534,

---

[1] *Younger v. Harris*, 401 U.S. 37 (1981).
[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

3

541 (1986). "A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008 ) (per curiam).

A request for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the court must accept all the well-pleaded allegations contained in the complaint as true, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of a *pro se* plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11–12 (6th Cir. 1987). However, the plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436–37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When resolving a motion to dismiss, the court may consider public records, items appearing in the record of the case, and exhibits attached to the motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. Nat'l Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. ANALYSIS

Defendants' motion to dismiss should be granted. Despite initiating this lawsuit and seeking relief from Defendants, Plaintiff has not filed any type of response to the motion. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a timely response to the motion permits the Court to deem the motion unopposed. Likewise, his failure to take action to defend against the request for dismissal of his claims indicates that he does not oppose the dismissal of his lawsuit and/or that he has abandoned his claims. *See Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Scott v. State of Tennessee*, No. 88–6095, 1989 WL 72470, *2 (6th Cir. July 3, 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Furthermore, Defendants have raised legal arguments for the dismissal of this lawsuit that, upon initial review by the Court, are sound and well-reasoned. Defendants point out threshold deficiencies in Plaintiff's standing and ability to pursue the claims that he brings. Plaintiff has not rebutted Defendants' arguments. These unrebutted arguments are sufficient, in and of themselves, to warrant dismissal of this lawsuit. Defendants further point to the legal doctrines set out in *Younger v. Harris* and *Rooker-Feldman* as a basis for this Court refraining from hearing all or parts of this case. Again, Plaintiff has not rebutted these arguments.

In the absence of a response from Plaintiff that rebuts the sound legal arguments raised by Defendants and that shows why his lawsuit should not be dismissed, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the

non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, No. 3:15–0847, 2016 WL 5415106, at *2 (M.D. Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, No. 3:09–0304, 2009 WL 2601926, at *1 (M.D. Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). In the absence of any type of response from Plaintiff, it is not the Court's duty to put the pieces together for Plaintiff and make arguments on his behalf for why the lawsuit that he filed should not be dismissed. Defendants' sound arguments for dismissal warrant dismissal of this case.

## IV. RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 8) filed by Defendants City of Millersville and Andre Pieri be GRANTED to the extent that they request that this action be DISMISSED. Because dismissal is warranted, there is no need to further consider Plaintiff's pending motion for a preliminary injunction (Docket Entry No. 3), and it is therefore additionally RECOMMENDED that the preliminary injunction motion be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge